UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN CORRECTIONS
ORGANIZATION, SERVICE
EMPLOYEES INTERNATIONAL UNION,
LOCAL 526M, *et al.*,

      Plaintiffs,

Case No. 13-13262

v.

Hon. John Corbett O'Meara

STATE OF MICHIGAN DEPARTMENT
OF CORRECTIONS and DANIEL HEYNS,
acting in his official capacity as Director of
the Michigan Department of Corrections,

      Defendants.
_____/

# ORDER GRANTING
# DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants' motion to dismiss, filed September 24, 2013. Plaintiffs filed a response on October 15, 2013. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

Plaintiffs are employees of the Michigan Department of Corrections and their labor organization. Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA"), to obtain prospective injunctive relief and recover minimum wage and overtime compensation. Plaintiffs also seek relief pursuant to the Michigan Minimum Wage Law of 1964, M.C.L. 408.381 *et seq.* Defendants

are the Michigan Department of Corrections and its Director, Daniel Heyns.

Defendants seek dismissal of Plaintiffs' FLSA claims because they are barred by Eleventh Amendment immunity. Defendants are correct that the Eleventh Amendment, which prohibits suits against the State without its consent, bars Plaintiffs' FLSA claims for unpaid wages in federal court. See Wilson-Jones v. Caviness, 99 F.3d 203, 205 (6th Cir. 1996), abrogation on other grounds recognized by Kovacevich v. Kent State University, 224 F.3d 806, 816 (6th Cir. 2000); Close v. State of New York, 125 F.3d 31, 38-39 n.2 (2nd Cir. 1997); Aaron v. State of Kansas, 115 F.3d 813, 817 (10th Cir. 1997) ("Indeed, every court that has considered the issue has determined that Seminole Tribe precludes the federal courts from hearing wage and overtime claims brought under the FLSA by a citizen against its state."); Wong-Opasi v. Tennessee State Univ., 2000 WL 1182827 (6th Cir. Aug. 16, 2000) ("Eleventh Amendment immunity bars suit under the FLSA by private citizens against the state in federal court.").

Plaintiffs' claim for prospective injunctive relief is likewise barred because the right to bring an action for injunctive relief under the FLSA "rests exclusively with the United States Secretary of Labor." Powell v. State of Florida, 132 F.3d 677, 678 (11th Cir. 1998) (citing 29 U.S.C. §§ 211(a), 216(b)). See also 29 U.S.C. § 217; Morelock v. NCR Corp., 546 F.2d 682, 688 (6th Cir. 1976), rev'd on other

grounds, 435 U.S. 911 (1978) ("[I]ndividuals are limited to seeking legal remedies and are precluded from obtaining injunctive relief.").

Plaintiffs argue that, pursuant to the Ex parte Young exception to Eleventh Amendment immunity, they are entitled to seek declaratory relief against Director Heyns.  See Ex parte Young, 209 U.S. 123 (1908).  In similar cases, however, courts have held that declaratory relief is unavailable:

> In this case, where an award of damages is barred by the Eleventh Amendment and an injunction against prospective violations cannot be sought by private plaintiffs under the FLSA, an action for declaratory judgment regarding the lawfulness of the Commonwealth's policies or practices under the FLSA cannot proceed in federal court. "[A] declaratory judgment is not available when the result would be a partial 'end run' around the rest of the Supreme Court's Eleventh Amendment jurisprudence, particularly its limitations on the *Ex parte Young* doctrine."

Vega Castro v. Puerto Rico, 43 F. Supp.2d 186, 192 (D. P.R. 1999) (quoting Mills v. Maine, 118 F.3d 37, 55 (1st Cir. 1997) (holding no declaratory relief available against a state in FLSA case)).  As the First Circuit has explained, "the issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment." Mills, 118 F.3d at 54-55.

For these reasons, the court will dismiss Plaintiffs' claims under the FLSA.

The court will also decline to exercise supplemental jurisdiction over Plaintiffs' claim under the Michigan Minimum Wage Act of 1964.  See 28 U.S.C. § 1367(c)(3); Wong-Opasi, 2000 WL 1182827 at *2; Taylor v. First of America Bank – Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992) ("Generally, 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.'").

### ORDER

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  December 4, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 4, 2013, using the ECF system.

                                              s/William Barkholz
                                              Case Manager